# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0809V
Filed: July 1, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KARL ZIMMERMAN, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \*   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Julia Wernett McInerny*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 30, 2015, Karl Zimmerman ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered an injury to his right shoulder as a result of an influenza ("flu") vaccine he received on October 15, 2012. Petition at 1. On May 18, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 23).

On June 1, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 19). Petitioner requests attorneys' fees in the amount of $14,388.00, and attorneys' costs in the amount of $843.52, for a total amount of $15,231.52. *Id.* at 2. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On June 20, 2016, respondent filed a response to petitioner's motion.  (ECF No. 29).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $11,000.00 to $14,000.00," citing a number of "similarly-postured SIRVA" cases.  *Id.* at 3.

On June 22, 2016, petitioner filed a reply.  (ECF No. 30).  Petitioner argues that respondent has provided "no precise objections" but only a range that "is predicated on similar cases and her 'experience litigating Vaccine Act claims.' "  *Id.* at 2-4.  Petitioner includes a list of the attorneys' fees and costs awarded petitioner's counsel in his last 15 SIRVA cases.  *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable.

Petitioner requests additional attorneys' fees in the amount of $1,265.00 (4.6 hours of time) for preparing the reply.  *Id.* at 5.  Petitioner states that her counsel was "required to expend 4.6 hours to review respondent's response, perform research on the cases cited by respondent, and draft the instant reply."  *Id.*  The undersigned finds the request for additional hours spent preparing the reply to be reasonable in this case and awards the full amount requested for preparation of the reply brief, $1,265.00.[3]  Thus, the total amount awarded for attorneys' fees and costs is $<u>16,496.52</u>.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $<u>16,496.52</u>,[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Muller Brazil, LLP.**

---

[3] The undersigned may reduce the attorneys' fees sought for additional filings of a similar reply in other cases.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.